UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**CASEY RANKIN**,

Debtor.

Case No. **10-62340-13**

# MEMORANDUM of DECISION

At Butte in said District this 15th day of March, 2011.

In this Chapter 13 bankruptcy, after due notice, a hearing was held February 10, 2011, in Missoula on the Motion to Modify Stay filed by Larson Lumber Company, Inc. ("Larson Lumber") on January 18, 2011, at docket entry no. 35. James H. Cossitt of Kalispell, Montana appeared at the hearing on behalf of Larson Lumber. Debtor was represented at the hearing by Edward A. Murphy of Missoula, Montana. No witness testimony was heard, but Larson Lumber's Exhibits 1 through 11 were admitted into evidence. At the conclusion of the hearing, the Court took the matter under advisement. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

## BACKGROUND

Debtor commenced this case on September 28, 2010, by filing a voluntary Chapter 13 bankruptcy petition. Debtor filed his schedules on October 27, 2010. Larson Lumber is listed on Debtor's Schedule F as having an unsecured nonpriority claim in the amount of $18,500. Also,

1

in response to question 4 on his statement of financial affairs ("SOFA"), Debtor lists an action by Larson Lumber against Debtor identified as Cause No. DV-09-166.

Debtor filed an Amended Chapter 13 Plan on December 23, 2010. Larson Lumber objected to confirmation of Debtor's Amended Plan arguing that Debtor's Amended Plan was not proposed in good faith as required for confirmation under 11 U.S.C. § 1325(a)(3). Following a hearing held January 6, 2011, the Court entered a Memorandum of Decision and Order on January 21, 2011, overruling Larson Lumber's objection to confirmation and confirming Debtor's Amended Plan.

The record reflects that Debtor operates a contracting business known as Yaak River Contracting, Inc. ("YRC"), which business began as a sole proprietorship in 2007. Debtor has testified that he also had a partnership with his son which he identified as "Bilt Rite." Debtor incorporated YRC as an S corporation in 2009 to carry on the business. Debtor's girlfriend, Anita Bartz acquired 51% of YRC in 2009. Anita Bartz did not put any cash into YRC, but she contributed machinery to the corporation.

Prior to Debtor's bankruptcy case, Larson Lumber filed, in 2009, an amended complaint in Cause No. DV-09-166 in the Montana Nineteenth Judicial District Court, Lincoln County, Montana, asserting a breach of contract claim against Debtor, Merrill Taylor, and Bilt Right Construction and Landscaping, LLC. As of the date of the amended complaint, Larson Lumber asserted that Debtor, Merrill Taylor and Bilt Right Construction and Landscaping, LLC jointly and severally owed Larson Lumber $18,791.92. In October of 2009, Debtor and Bilt Right Construction and Landscaping, LLC answered Larson Lumber's amended complaint, denying numerous of the allegations in the amended complaint and asserting fourteen affirmative

2

defenses.

Larson Lumber subsequently filed on November 30, 2010, a complaint against Bilt Right Construction and Landscaping, LLC, YRC and Anita Bartz, thereby commencing Cause No. DV-10-316 in the Montana Nineteenth Judicial District Court, Lincoln County, Montana. In Cause No. Dv-10-316, Larson Lumber assets claims of: (1) actual fraud under the Uniform Fraudulent Transfer Act ("UFTA"); (2) constructive fraud under the UFTA; (3) transfer fraudulent as to present creditors; (4) conspiracy; (5) aiding a abetting; and (6) successor liability. In December of 2010, Debtor filed an Affidavit in Cause No. DV-10-316, asserting that Bilt Right Construction and Landscaping, LLC was involuntarily dissolved in 2007 and asserting that he had a significant interest in Cause No. DV-10-316 and that Cause No. DV-10-316 was part of the same dispute that is the subject of Cause No. DV-09-166. Also in December of 2010, YRC filed a motion to join Debtor as in indispensable party in Cause No. DV-10-316 and to join Cause No. DV-10-316 with Cause No. DV-09-166. In January of 2011, Larson Lumber filed a consent to YRC's motion to join Debtor and Merrill Taylor as parties in Cause No. DV-10-316 and also consented to join Cause No. DV-10-316 with Cause No. DV-09-166. Larson Lumber stated in its consent that it would provide this Court with a copy of Debtor's December 2010 Affidavit and would also request relief from the automatic stay so that Debtor could be joined to that action. Larson Lumber contends in its request for stay relief that some or all of the claims in Cause No. DV-10-316 involve personal injury tort claims.

Trial in Cause No. DV-09-166 was scheduled to commence on or about February 11, 2011, but was continued when Cause No. DV-10-316 was filed and when YRC thereafter sought to consolidate Cause No. DV-09-166 with Cause No. DV-10-316. YRC's motion in Cause No.

3

DV-10-316 was filed by the same attorney who represents Debtor in Cause No. DV-09-166. Thus, it appears the defendants in Cause Nos. DV-10-316 and No. DV-09-166 are related parties with a common attorney.

Debtor filed written opposition to Larson Lumber's Motion to Modify Stay on February 1, 2011. In the written opposition, Debtor does not dispute, deny or otherwise contest any of the factual allegations contained in Larson Lumber's Motion, including the allegation that some or all of the claims in Cause No. DV-10-316 involve personal injury tort claims. Debtor's skeletal objection merely states:

> Comes now the Debtor and objects to the motion to modify stay filed by Larson Lumber. On [sic] of the benefits of filing any bankruptcy case for the debtor is the avoidance of the burdens of litigating unsecured claims, such as Larson Lumber's claim. Moreover, at this time, there is not much for this debtor or Larson Lumber to litigate. Larson Lumber filed a proof of claim and so far nobody has objected.

## APPLICABLE LAW

Larson Lumber maintains that under 28 U.S.C. § 157(b)(2)(B), this Court may only hear proceedings related to the

> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11[.]

As noted above, Larson Lumber argues that some or all of its claims in Cause No. DV-10-316 involve personal injury tort claims which this Court cannot hear under 28 U.S.C. § 157(a)(2)(B). Larson Lumber thus requests that pursuant to 11 U.S.C. § 362(d)(1), this Court lift the automatic stay so Debtor can be joined in Cause No. DV-10-316. Section 362(d)(1) reads:

4

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of–
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

Larson Lumber argues that once Debtor is joined in Cause No. DV-10-316 and once Cause Nos. DV-09-166 and DV-10-316 are consolidated, the state district court can determine liability, if any, of the defendants, and the amount of the liability.  Once Larson Lumber obtains a ruling on liability and damages, if any, it will not seek to enforce judgment against Debtor personally without further Order of this Court.

Section 362 of the Bankruptcy Code vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion.  *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

Except for the issue of a debtor's equity in property, in a proceeding on a motion to modify the automatic stay, the debtor has the burden of proof to show that the stay should not be modified or annulled.  *In re National Envtl. Waste Corp.*, 191 B.R. 832, 836 (Bankr. C.D.Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997); *In re Syed*, 238 B.R. 126, 132 (Bankr. N.D.Ill. 1999); *In re Sauk Steel Co., Inc.*, 133 B.R. 431, 436 (Bankr. N.D.Ill. 1991); 11 U.S.C. § 362(g).  Equity in property is not at issue in Larson Lumber's Motion to Modify Stay.  Consequently, Debtor has

the burden of proving that Larson Lumber should not be granted the relief it seeks.

## DISCUSSION

In Cause No. DV-10-316, Debtor, by affidavit, declared under penalty of perjury that he is an indispensable party in that action involving his girlfriend and business partner, Anita Bartz, and entities in which Debtor had or has an ownership interest.  Debtor's counsel conceded at the February 10, 2011, hearing that he was not consulted before Debtor's Affidavit was filed in Cause No. DV-10-316 and would have counseled against filing such affidavit in that matter.  Counsel sought to minimize the effects of Debtor's Affidavit by arguing that the state court has broad powers to fashion a remedy against the other defendants in Cause No. DV-10-316 without Debtor's participation.  Debtor's counsel then argued that Larson Lumber's Motion to Modify Stay was nothing more than "a lot of hooey" because only this Court could determine the allowance of claims and/or the dischargeability of debts.  Debtor's counsel reasoned that Larson Lumber has filed a proof of claim to which Debtor has not objected.

Larson Lumber's counsel countered that Debtor's argument misses the point because Larson Lumber is not asserting a dischargeability action against Debtor for fraud under 11 U.S.C. § 523(a).  Rather, Larson Lumber is asserting a UFTA claim against various parties and Debtor is claiming that he is an indispensable party in that action.  Larson Lumber merely seeks relief from the automatic stay so it can fix the dollar amount of its claim in this case and so it can seek judgment and recovery of damages against the other defendants in the state court litigation.

Larson Lumber's claim is admittedly a general unsecured, nonpriority claim.  Nevertheless, the Court determines it appropriate to lift the automatic stay to allow the state district court to determine liability of all parties, including Debtor, and if appropriate, to set the

dollar amount of Debtor's liability. Once the state court makes its rulings, Larson Lumber can then amend its proof of claim accordingly.

The Court's decision to lift the stay is twofold. First, Debtor, through his Affidavit, claimed in Cause No. DV-10-316 that he is an indispensable party in that action. This Court will not allow Debtor to now take a contrary position in this case.[1] Second, Debtor has not sustained his burden of showing that Larson Lumber should not be granted the relief it seeks.

## CONCLUSIONS OF LAW

1. This Court has original and exclusive jurisdiction in this Chapter 13 bankruptcy case under 28 U.S.C. § 1334(a).

2. Larson Lumber's pending motion to modify stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. Larson Lumber satisfied its initial burden under 11 U.S.C. § 362(d)(1) to show "cause" to lift the stay.

4. Debtor failed to satisfy his burden of proof under 11 U.S.C. §§ 362(d)(1) and (g)(2) to show that relief from the stay should not be granted.

Accordingly, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Motion to Modify Stay filed by Larson Lumber Company, Inc. on January 18, 2011, at docket entry no. 35, is granted; and the stay afforded by § 362(a) of the

---

[1] The doctrine of judicial estoppel allows a court to estop a party from gaining advantage by taking one position and later seeking another advantage from an inconsistent position. *See New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001). Debtor's declaration that he is an indispensable party in Cause No. DV-10-316 is inconsistent with his claim here that Larson Lumber's motion is "hooey" because the state district court can fashion a remedy against the now named defendants, irrespective of Debtor's involvement.

Bankruptcy Code is modified so that Cause Nos. DV-10-316 and No. DV-09-166 now pending in the Montana Nineteenth Judicial District Court, Lincoln County may be joined or consolidated and to permit Larson Lumber to seek a state court determination as to: (a) Debtor's liability to Larson Lumber, if any; and b) the amount of Debtor's liability. Larson Lumber is not granted relief to enforce any judgment against Debtor without further permission or Order from this Court.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana