# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**CASEY RANKIN**,

               Debtor.

Case No.  **10-62340-13**

# MEMORANDUM OF DECISION

At Butte in said District this 14th day of March, 2016.

In this Chapter 13 bankruptcy case, two contested matters are pending:  (1) the Chapter 13 Trustee's motion for order compelling the Debtor to turn over and account for a postpetition inheritance (Docket No. 70); and (2) Trustee's motion to modify Debtor's confirmed Chapter 13 Plan (Docket No. 71) in order to increase payment to the class of unsecured creditors with the inheritance.  Debtor Casey Rankin filed objections on the grounds that his inheritance cannot be property of the estate under 11 U.S.C. § 1306 for purposes of the "best interest of creditors" liquidation analysis of 11 U.S.C. § 1325(a)(4).  A hearing on these matters was scheduled to be held on February 4, 2016.  The Chapter 13 Standing Trustee Robert G. Drummond appeared.  Debtor was represented by attorney Edward A. Murphy of Missoula.  The parties agreed to submit these contested matters on stipulated facts and briefs.  Based on the agreement of counsel the Court vacated the hearing and granted the parties time to file briefs, which have been filed and reviewed by the Court together with the record and applicable law.  These matters are ready for decision.  For the reasons set forth below, Defendants' objections are overruled and the Trustee's motions for turnover of inheritance and to modify plan will be granted by separate

order.

This Court has exclusive jurisdiction of the above-captioned Chapter 13 bankruptcy under 28 U.S.C. § 1334(a).  Modification of a confirmed plan and the Chapter 13 Trustee's motion for turnover are core proceedings under 28 U.S.C. §§157(b)(2)(E) and 157(b)(2)(L).

## FACTS

The parties filed a Stipulation of Facts on February 19, 2016, which provides the following agreed facts relating to these contested matters:

1. The Debtor, Casey Rankin, filed his Chapter 13 Voluntary Petition on September 28, 2010 (Docket No. 1).

2. The Debtor filed his Schedules and Statement of Financial Affairs on October 27, 2010 (Docket No. 14).

3. The Debtor filed Amended Schedules B and C (Docket No. 28).

4. The Debtor filed an Amended Chapter 13 Plan dated December 23, 2010 (Docket No. 23). Paragraph 1 of that Plan provided that the Debtor would pay "$450.00 each month for a term of 60 months, or until all of the provisions of this Plan have been completed." The Plan called for payments to be disbursed to pay administrative expenses, followed by secured claims, and then priority and general unsecured claims.

5. After a contested hearing, the court overruled the remaining objection to confirmation filed by Larson Lumber Company, Inc. and confirmed the Chapter 13 Plan (Docket No. 38).

6. Attached[1] as Exhibit 1 is a listing of the receipts in the Trustee's office. The Debtor made sixty monthly payments beginning November 23, 2010. The Trustee received the sixtieth payment on October 5, 2015.

7. On October 5, 2015, the Trustee filed a Motion for Turnover of Inheritance (Docket No. 70). The Debtor objected to that Motion (Docket No. 73).

---

[1] The referenced exhibits are found at Docket No. 113, and hereby are incorporated by reference.

2

8. On October 7, 2015, the Trustee proposed a Modified Plan (Docket No. 71). That Plan was identical to the confirmed Plan except that it included a provision requiring the Debtor to turnover the proceeds of an inheritance. The Debtor objected to the Motion to Modify Plan (Docket No. 75).

9. The Trustee filed a Motion to Dismiss Case (Docket No. 78). The Debtor objected to the Trustee's Motion (Docket No. 79).

10. During the pendency of the Chapter 13 case, the Debtor became entitled to an inheritance from the estate of Anita Bartz, who passed away on March 2, 2014. The parties stipulate and agree to the admission of the attached Exhibit 2, which is the personal representative's sworn statement to close the informal probate for the estate of Anita Bartz.

11. As disclosed in the personal representative's final account, the parties stipulate that the Debtor received $54,206.02 prior to the date on the Final Account which is September 11, 2015.

12. The parties stipulate and agree that the funds were turned over to and are currently being held on behalf of the Debtor in a trust account held by David G. Tennant, an attorney who represented the Debtor in a state court action that concluded during the period of this Chapter 13 Plan.

Docket No. 113.[2]

## DISCUSSION

The Trustee's motion for order compelling turnover of the Debtor's inheritance is based upon *Dale v. Maney (In re Dale)*, 505 B.R. 8, 13 (9th Cir. BAP 2014), in which the Ninth Circuit Bankruptcy Appellate Panel ("BAP") held that a postpetition inheritance is property of the estate under § 1306(a)(1). The Trustee's motion to modify the confirmed Plan seeks modification only to increase funding of the Plan with the inheritance and, thus, increase the amount distributed to unsecured creditors.

Debtor's objection to the motion for turnover argues that, under 11 U.S.C. § 348(f)(1)(A),

---

[2] The Stipulation of Facts will be approved.

3

the estate of a case converted from chapter 7 to chapter 13 is composed only of assets held on the original petition date that remain in possession of the debtor, and that under the plain meaning of § 348(f)(2) and § 1306(b) the inheritance property cannot be property of the estate for purposes of the liquidation analysis, unless conversion was in bad faith.   Debtor also objects that he needs the inheritance to pay for his cancer treatment and related expenses.  Debtor objects to the Trustee's modified Plan for the same reasons and, in addition, on the grounds that the Court, under 11 U.S.C. § 1329(c), cannot approve a modification that extends beyond the three-year applicable commitment period required in this case under § 1325(b)(1)(B), as no cause exists for such an extension.

Section 1329(a) provides for modification of a plan after confirmation as follows:

(a) At any time after confirmation of the plan but before the completion of any payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to –

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; . . . .

The Debtor argues that nothing in the confirmed Plan or Order confirming the Plan requires the Debtor to turn over the inheritance, unless the Trustee can force a modification under § 1329.  Section 1329(a), however, specifically authorizes the Chapter 13 Trustee to modify the Debtor's confirmed Plan in the instant case to increase the amount of payments to the unsecured creditors.  When the language of a statute is plain, the sole function of the courts is to enforce it according to its terms unless the disposition required by the text is absurd.  *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).  The Trustee's proposed amended Plan provides at paragraph 7B that

4

the Debtor "shall turn over all of his inheritance from the estate of Anita E. Bartz as an additional payment under this Plan."

As for the timeliness of the Trustee's motion to modify plan, Debtor argues that the Chapter 13 Trustee's motion is untimely because it was filed after the Debtor made the last payment due under the Plan. Section 1329(c) provides:

> (c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

Debtor argues that the 3-year commitment period for his plan expired on November 26, 2013, before Anita Bartz's death; thus, he had no right to the inheritance during the applicable commitment period. Debtor concedes that the 3-year duration can be increased up to 60 months for cause, but he argues that "cause should be focused on the debtor's needs, such as curing a mortgage arrearage and not on paying more money to creditors."

The Trustee's proposed Modified Plan has the same 60-month term as the Debtor's confirmed plan. Stipulated Fact No. 8. Under Section 1327(a), the provisions of a confirmed plan "bind the debtor and each creditor . . . ." Debtor proposed a 60-month plan even though his applicable commitment period was 36 months; his plan was confirmed. Under § 1327(a), confirmation binds the Debtor[3] and undermines his contention based on the 3-year commitment period.

A leading bankruptcy commentator writes that "courts have generally measured the time

---

[3] This Court noted *In re Wirshing* that § 1327(a) does not include the term "trustee" as a person bound by a confirmed plan and, thus, the Chapter 13 Trustee was not bound by the confirmed plan. *In re Wirshing*, 2015 WL 3525061, 2 (Bankr. D. Mont. 2015).

5

by which payments on the modified plan must end from the first payment due to be paid to the trustee on the original plan after confirmation of the plan, rather than from the first payment made by the debtor to the trustee before confirmation." 8 COLLIER ON BANKRUPTCY, ¶ 1329.07 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2015). The Court confirmed Debtor's Plan on January 21, 2011. Sixty months after the date of confirmation ended in January 2016, which is approximately three months after the Trustee filed his motions for turnover and to modify plan. The Chapter 13 Trustee filed his motions before the five-year limitation of § 1329(c) expired and filed them promptly after discovering the existence of the inheritance. Further, Stipulated Fact No. 10 states the date of Anita Bartz's death as March 2, 2014, which gave rise to Debtor's right to the inheritance.

Section 1329(c) authorizes this Court to provide for payment over a period of time that expires after the applicable commitment period of § 1325(b)(1)(B) "for cause." The Debtor filed his Chapter 13 petition and plan seeking a discharge of debt. His Schedule F lists unsecured claims in the total amount of $251,468.81. The confirmed plan provides at paragraph 2(g) that the total amount distributed under the modified Plan will be at least $14,000.00, which exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Code.[4] In this Court's view, since the Debtor's confirmed plan already provides for a 60 month term, and based upon the large amount of unsecured claims for which the Debtor seeks a discharge in this Chapter 13 case and his failure to promptly disclose the inheritance, adequate "cause" has been shown by the record for this Court to approve payments in the

---

[4] This provision and the $14,000 amount are the same as paragraph 2(g) of the confirmed Plan (Docket No. 23).

6

Chapter 13 Trustee's Modified Plan over the same 60-month period under § 1329(c).

The Trustee contends that Debtor should be equitably estopped from claiming the inheritance as his own when he failed to disclose it to the Chapter 13 Trustee as required by Fed. R. Bank. P. Rule 1007(h) ("Interests Acquired or Arising After Petition") and Rule 4002(a)(3) (Duties of Debtor to inform the trustee immediately as to name and address of every person holding money or property subject to the debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Rule 1007). This Court agrees.

The benefits of bankruptcy come with burdens and duties. The Debtor has been represented by experienced bankruptcy counsel since the commencement of this Chapter 13 bankruptcy case. A person who has consulted with an attorney "can be charged with constructive knowledge of the law's requirements." *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir.1987). This Court has written: "Debtors do have an obligation to provide additional information on assets covered by § 541(a)(5)[5] and F.R.B.P. 1007(h) or if the trustee specifically requests such information. *See* [*In re Adair*, 253 B.R. 85, 90-1 (9ᵗʰ Cir. BAP 2000)]." *In re Johnson*, 361 B.R. 903, 910 (Bankr. D. Mont. 2007).

Rule 4002(a)(3) requires that a debtor "shall . . . (3) inform the trustee immediately in writing as to . . . the name and address of every person holding money or property subject to the debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Rule 1007." Rule 1007(h) ("Interests Acquired or Arising After Petition") requires that if a debtor

---

[5] Section 541(a)(5)(A) includes as property of the estate "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date – (A) by bequest, devise, or inheritance . . . ."

acquires or becomes entitled to acquire any interest in property, the debtor shall file a supplemental schedule in a chapter 13 case within 14 days after the information comes to the debtor's knowledge (or within such further time the court may allow), and that the "duty to file a supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case (except that the schedule need not be filed in a . . . chapter 13 case with respect to property acquired after entry of the order . . . discharging the debtor in a chapter 12 or 13 case)." In the instant case the Debtor was required under Rules 1007(h) and 4002(a)(3) to inform the Chapter 13 Trustee immediately about the inheritance and to file a supplemental schedule. Debtor failed to perform those duties.

Under equitable estoppel, "a person may be precluded from his act or conduct . . . from asserting a right which he otherwise would have had . . . ." *Cobalis Corp. v. YA Global Invs. LP (In re Cobalis Corp.)*, __ F. App'x. __, 2016 WL 715710, *1 (9th Cir. 2016), quoting *Hass v. Darigold Dairy Prods. Co.*, 751 F.2d 1096, 1099 (9th Cir. 1995)  (quoting Black's Law Dictionary 483 (5th ed. 1979)); *see Hay v. First Interstate Bank of Kalispell, N.A.*, 978[6] F.2d 555, 557 (9th Cir. 1992) (affirming summary judgment based on estoppel when debtor failed to give required notification of existence of an asset).

Exhibit 2 is the statement of the personal representative of the estate of Anita Bartz to close informal probate and a final account.  The final account is dated September 11, 2015, and includes a Schedule A, "Final Accounting," which states that Casey Rankin is entitled to a distribution in the amount of $54,206.02.  Given Debtor's failure to notify the Chapter 13 Trustee of the inheritance and file a supplemental schedule as required by Rules 1007(h) and 4002(a)(3),

---

[6] The Trustee's brief erroneously states the citation of *Hay* as "928 F.2d 555."

under the above-cited Ninth Circuit authority this Court deems it appropriate that the Debtor be estopped from claiming the inheritance as his own.

Next, Debtor argues that § 1329(b) does not make the disposable income requirement of § 1325(b) apply to a proposed modification and, thus, the § 1325(b) requirement that all of Debtor's projected disposable income be applied to make payments to unsecured creditors does not apply.  However, the Chapter 13 Trustee's motions do not seek turnover and distribution of the inheritance as disposable income, but rather they treat the inheritance as property.  Further, the confirmed plan in paragraph 1 already submits the "future earnings *and other income* of the Debtor(s)" to the supervision and control of the Chapter 13 Trustee as necessary for the execution of the plan.  Thus, whether income or property, the inheritance is submitted to the Chapter 13 Trustee's supervision in the confirmed plan.

Section 1329(b)(1) provides:  "Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.  This provision incorporates into a proposed chapter 13 modification the liquidation analysis of § 1325(a)(4) which requires:

[T]he court shall confirm a plan if –

* * * *

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

§ 1325(a)(4).

The Debtor argues that the plain meaning of § 348(f)(1)(A) and § 348(f)(2) requires upon

conversion from chapter 13 to chapter 7: That the estate shall consist only of assets held on the original petition date remaining in possession of the debtor; and that the inheritance property cannot be property of the estate for purposes of the liquidation analysis unless conversion was in bad faith.  The instant case, of course, has not been converted.

Courts generally avoid construing one provision in a statute so as to suspend or supersede another provision.  *Rake v. Wade,* 508 U.S. 464, 471-72 (1993).  Section 1306(a)(1) provides: "Property of the estate includes, in addition to the property specified in section 541 of this title – (a) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first . . . ."  The longstanding rule in this district is that, based on § 1306(a)(1), a chapter 13 bankruptcy estate includes interests in property acquired after the date of filing a chapter 13 petition.  *Alderman v. Martinson (In re Alderman),* 195 B.R. 106, 109 (9th Cir. BAP 1996), citing *In re Winchester,* 46 B.R. 492, 495 (9th Cir. BAP 1984).

In this Court's 2015 decision *In re Wirshing*, the Court construed § 1306(a)(1) and § 541(a)(5)(A) and followed the BAP's reasoning in *Dale* and the Fourth Circuit in *Carroll v. Logan*, 735 F.3d 147, 150 (4th Cir. 2013), that § 1306(a)(1) expanded the definition of property of the estate for chapter 13 purposes without the 180-day temporal restriction of § 541(a)(5).  *In re Wirshing*, 2015 WL 3525061, at *2; *In re Dale*, 505 B.R. at 11-13.  Under rules of statutory construction, this Court avoided construing § 1327(a) and § 541(a)(5) so as to suspend or supersede the more specific chapter 13 provision, § 1306(a)(1).  *In re Wirshing*, 2015 WL 3525061, at *2, citing *Rake v. Wade,* 508 U.S. at 471-72.  The same reasoning persuades this

10

Court to avoid construing § 348(f)(1)(A) and § 348(f)(2) in a manner to supersede § 1306(a)(1).

This Court noted in *Wirshing* that the authoritative effect of a BAP decision is an open question, but that at the very least this Court considers Ninth Circuit BAP decisions to be persuasive authority.  2015 WL 3525061 at *3.  As in *Wirshing*, under this Court's longstanding rule the Court concludes that the Debtor's "post-petition inheritance is property of the estate under § 1306(a)(1) with which the Chapter 13 Trustee is authorized to modify the confirmed Plan to increase the amount of payments on claims under § 1329(a)."  *Id.*

**IT IS ORDERED** separate Orders shall be entered in conformity with the above:  (1) approving the Stipulation of Facts; (2) overruling Debtor's objections, granting the Chapter 13 Trustee's motion for order compelling the Debtor to turn over and account for a postpetition inheritance (Docket No. 70); and (3) granting the Trustee's motion to modify Debtor's confirmed Chapter 13 Plan (Docket No. 71).

Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge

11